UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VASTI MARIA DA SILVA JACKSON, | CASE NO. 2:22-cv-00053-JHC |
| Plaintiff, | ORDER |
| v. | |
| STEVE KEITH NELSON, | |
| Defendant. | |

This matter comes before the court *sua sponte*. Magistrate Judge Michelle L. Peterson granted Plaintiff Vasti Maria Da Silva Jackson *in forma pauperis* ("IFP") status. Dkt. # 5.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an IFP complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). The federal rules of civil procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the law does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The court need not accept as true a legal conclusion presented as a

ORDER - 1

factual allegation. *Id.* Because Plaintiff is *pro se*, the court construes the pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

The complaint alleges that, since August 2003, Defendant violated Plaintiff's Fourteenth Amendment rights to life and liberty. Dkt. # 6 at 1–2, 16–17. It alleges that Defendant and his associates with the FBI accused, investigated, and interrogated her for various crimes; drugged, raped, and trafficked her for sex; forced her to commit robberies; and posed as employers, stalked her at her places of employment, and prevented her from gaining and maintaining employment. Dkt. # 6 at 2–14. Plaintiff asks the court to "grant [her] justice in the form of punitive damages that shall be paid by [Defendant] on the amount of . . . <u>19 MILLION DOLLARS</u>." Dkt. # 6 at 17. The complaint also alleges that Defendant caused Plaintiff's daughter to suffer harm, and asks the court require Defendant to pay $16 million in damages to her daughter. Dkt. # 6 at 17.

Even liberally construed, Plaintiff's allegations do not raise her "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. The court is unable to determine the basis of Plaintiff's Fourteenth Amendment claims.

For instance, the Fourteenth Amendment applies to the states and not federal government actors. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n. 21 (1987) ("The Fourteenth Amendment applies to actions by a State."). And a plaintiff cannot bring a lawsuit directly under the Fourteenth Amendment. *See Azul-Pacifico, Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

A plaintiff may sue for violations of their Fourteenth Amendment rights under 42 U.S.C. § 1983, which provides a cause of action against persons acting under the color of state law for violations of constitutional rights. But Plaintiff's complaint makes no such allegations.

Alternatively, a plaintiff may bring a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "*Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. In a paradigmatic *Bivens* action, a plaintiff seeks to impose personal liability upon a federal official based on alleged constitutional infringements he or she committed against the plaintiff." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). But again, the complaint makes no such allegations.

Given the foregoing, the court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B). When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The court grants Plaintiff fourteen (14) days to file an amended complaint that corrects the deficiencies identified herein. If Plaintiff fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies, the court will dismiss her complaint without leave to amend.

For the foregoing reasons, the court DISMISSES Plaintiff's complaint (Dkt. # 6) without prejudice for failure to state a claim, with leave to amend within fourteen (14) days of the filing date of this order. Also, the court STRIKES the Plaintiff's motions to appoint counsel (Dkt. # 7), for entry of default (Dkt. # 18), and for default judgment (Dkt. # 20). The Clerk is DIRECTED to send a copy of this order to Plaintiff.

Dated this 26th day of April, 2022.

John H. Chun
United States District Judge

ORDER - 3