1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VASTI MARIA DA SILVA JACKSON,

    Plaintiff,

  v.

STEVE KEITH NELSON,

    Defendant.

CASE NO. 2:22-cv-00053-JHC

ORDER

I.

INTRODUCTION

  This matter comes before the Court sua sponte.  The Court has examined Plaintiff's amended complaint and for the reasons below, under 28 U.S.C. § 1915(e)(2)(B)(i), 28 U.S.C. § 1915(e)(2)(B)(ii), and Federal Rule of Civil Procedure 12(h)(3), (1) DISMISSES Plaintiff's 42 U.S.C. § 1983 claim and criminal claims with prejudice; (2) DISMISSES Plaintiff's 15 U.S.C. § 6851(b) claim without prejudice and without leave to amend; and (3) DISMISSES Plaintiff's Intentional Infliction of Emotional Distress (IIED) claim without prejudice and with leave to amend.

ORDER - 1

II.

BACKGROUND

Magistrate Judge Michelle L. Peterson granted pro se Plaintiff Vasti Maria Da Silva Jackson in forma pauperis ("IFP") status.  Dkt. # 5.

The original complaint alleges that, since August 2003, Defendant Steve Keith Nelson violated Plaintiff's Fourteenth Amendment rights to life and liberty.  Dkt. # 6 at 1–2, 16–17.  It alleges that Defendant and his associates with the FBI accused, investigated, and interrogated her for various crimes; drugged, raped, and trafficked her for sex; forced her to commit robberies; and posed as employers, stalked her at her places of employment, and prevented her from gaining and maintaining employment.  *Id.* at 2–14.  It asks the Court to "grant [Plaintiff] justice in the form of punitive damages that shall be paid by [Defendant] on the amount of . . . 19 MILLION DOLLARS."  *Id.* at 17.  The complaint also alleges that Defendant caused Plaintiff's daughter to suffer harm and asks the Court to require Defendant to pay $16 million in damages to her daughter.  *Id.*

The Court dismissed Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  *Id.*  This Court gave her leave to amend the complaint within 14 days.  *Id.* at 3 ("[If Plaintiff] fails to file an amended complaint that remedies the deficiencies, the court will dismiss her complaint without leave to amend.").

Plaintiff filed an amended complaint asserting various causes of action.  Dkt. # 25 at 1–3. Plaintiff asserts a 42 U.S.C. § 1983 claim, alleging Defendant violated her Fifth, Eighth, Thirteenth, and Fourteenth Amendments rights.  *Id.* at 1.  Plaintiff also asserts a 15 U.S.C. § 6851(b) claim for non-consensual depiction of intimate images.  *Id.* at 1–2.  Plaintiff also asserts various claims based on federal criminal statutes.  *Id.* at 2.  Finally, Plaintiff asserts a tort claim for IIED.  *Id.*

III.

ANALYSIS

This Court must dismiss an action if at any time it determines it lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff has the burden of establishing subject matter

jurisdiction at the pleading stage. *See id.*; *Rucker v. Kaiser Permanente of Wash.*, No. 22-cv-

00634-JLR, 2022 WL 1499622, at *2 (W.D. Wash. May 12, 2022) (dismissing under

Rule 12(h)(3) at the pleading stage for failure to establish subject matter jurisdiction and

reiterating the principle that the plaintiff must show "the existence of whatever is essential to

federal jurisdiction" (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926))); *Johnson v.*

*Biden*, No. 21-cv-00466-MJP, 2021 WL 1894012, at *1 (W.D. Wash. May 11, 2021) (same);

*Garcia v. Experian*, No. 18-cv-00005-RSM, 2018 WL 905743, at *1–2 (W.D. Wash. Feb. 15,

2018) (same). Federal question jurisdiction allows federal courts to hear claims that arise under

federal law. *See* 28 U.S.C. § 1331. Diversity jurisdiction allows federal courts to hear claims

when the parties are citizens of different states and the amount in controversy exceeds $75,000.

*See* 28 U.S.C. § 1332. Alternatively, if a plaintiff pleads a separate valid federal claim, this

Court can hear supplemental state claims under supplemental jurisdiction. *See* 28 U.S.C.

§ 1367(a).

Courts must dismiss an IFP complaint if it fails to state a claim. 28 U.S.C.

§ 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that

the action . . . fails to state a claim on which relief may be granted."). Rule 8 requires "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). Courts construe a pro se plaintiff's pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d

338, 342 (9th Cir. 2010). But a plaintiff's "[f]actual allegations must be enough to raise a right

to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1   While the law does not require "detailed factual allegations," it demands more than "an

2   unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

3   678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 555).  A claim must be "plausible on its face."

4   *Bell Atl. Corp.*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across

5   the line from conceivable to plausible, their complaint must be dismissed.").  Courts need not

6   accept as true a legal conclusion presented as a factual allegation.  *Ashcroft*, 556 U.S. at 678.

7        Courts must dismiss an IFP complaint if it is frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)

8   ("[T]he court shall dismiss the case at any time if the court determines that the action . . . is

9   frivolous.").  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

10  *v. Williams*, 490 U.S. 319, 325 (1989).  A claim is legally frivolous if it fails to establish subject

11  matter jurisdiction.  *See Castillo v. Marshall*, 107 F.3d 15, 15 (9th Cir. 1997) (quoting *Pratt v.*

12  *Sumner*, 807 F.2d 817, 819 (9th Cir. 1987)) ("the claim is 'frivolous within the meaning of

13  [Section] 1915(d)[1] in that the court lacks subject matter jurisdiction.' "); *see, e.g., Emiabata v.*

14  *Bank of N.Y. Mellon Tr. Co. NA/JP Morgan Chase (SLS)*, No. 17-cv-01302-JLR, 2017 WL

15  4838840, at *1 (W.D. Wash. Oct. 3, 2017) (dismissing an IFP claim for frivolousness when it

16  failed to establish subject matter jurisdiction); *Brown v. Brennan*, No. 19-cv-01331-JLR, 2019

17  WL 4395257, at *2 (W.D. Wash. Aug. 29, 2019), *report and recommendation adopted*, No. 19-

18  cv-01331-JLR, 2019 WL 4392518 (W.D. Wash. Sept. 13, 2019) (same).

19       When a court dismisses a pro se plaintiff's complaint, it must give the plaintiff leave to

20  amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint.

21  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d

22

23

24  ---
    [1] In 1995, 28 U.S.C. § 1915(d)'s provisions were incorporated into § 1915(e).

ORDER - 4

1122, 1126–31 (9th Cir. 2000) (reversing a district court's dismissal of a pro se IFP claim without leave to amend when the deficiency in the complaint was curable).

The previous order provides, "The court grants Plaintiff fourteen (14) days to file an amended complaint that corrects the deficiencies identified herein.  If Plaintiff fails . . . to file an amended complaint that remedies the deficiencies, the court will dismiss her complaint without leave to amend."  Dkt. # 25 at 3.

A.    42 U.S.C. § 1983

To bring a 42 U.S.C. § 1983 claim, Plaintiff must allege that Defendant acted under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff alleges that Defendant acted with associates in the FBI to commit various constitutional violations.  Dkt. # 25 at 1.  Even if this allegation passes the *Bell Atl. Corp.* plausibility test, the FBI is a federal agency and does not act under color of state law.  Plaintiff could have brought these allegations as claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (conferring a private cause of action when a federal official violates a constitutional right in their individual capacity).  This Court informed Plaintiff of the *Bivens* doctrine in the prior order dismissing her complaint.  Dkt. # 24.  Yet Plaintiff did not bring any *Bivens* claims in her amended complaint.  Dkt. # 25.  Because Plaintiff has not remedied the deficiencies in her original complaint, this Court dismisses her 42 U.S.C. § 1983 claim with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

B.    15 U.S.C. § 6851(b)

Plaintiff asserts a claim under 15 U.S.C. § 6851(b)(1)(A), which provides that:

[A]n individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief.

15 U.S.C. § 6851(b)(1)(A).  This statute does not take effect until October 1, 2022, so Plaintiff

fails to state a claim because a cognizable claim must come from a law that has come into effect.

*See Penaloza v. Select Portfolio Servicing, Inc.*, No. 14-cv-02571-PA, 2014 WL 12580050 (C.D.

Cal. Aug. 11, 2014) ("Because sections 2924.17 and 2923.55 were not in effect at that time,

Plaintiff has failed to state a claim upon which relief may be granted against either defendant.");

*Syed v. Frontier Airlines, Inc.*, 522 F. Supp. 3d 503, 513 (E.D. Mo. 2021) (dismissing a claim

when it relied on a statute that was not yet in effect).  Even if this statute were in effect and

Plaintiff's factual allegations passed the *Bell Atl. Corp.* plausibility test, she also does not allege

that the intimate visual depiction had any relationship to interstate or foreign commerce.  Dkt. #

25 at 8–9.

Because Plaintiff is pro se and she could potentially bring this claim later under a—

perhaps arguable—retroactivity theory, the Court dismisses this claim without prejudice under

28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because the statute will not take effect

until October 1, this dismissal is without leave to amend.

C.    Federal Criminal Statutes

Plaintiff asserts claims under various federal criminal statutes, but such statutes do not

confer a private cause of action unless Congress specifies that it intends to create one.  *See*

*Cannon v. Univ. of Chicago*, 441 U.S. 677, 717–18 (1979) (Rehnquist, J., concurring).  Courts

are particularly unlikely to construe criminal statutes as creating a private cause of action absent

Congressional intent.  *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding

that 18 U.S.C. § 241 and 18 U.S.C. § 242 did not confer a private cause of action because they

were criminal); *Warfield v. United States Air Force*, No. 20-cv-00853-KJM, 2020 WL 3868465

(E.D. Cal. July 9, 2020) ("Title 18 of the United States Code does not establish any private right

of action and cannot support a civil lawsuit.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Plaintiff makes claims under the Civil Rights Conspiracy Act (18 U.S.C. § 241), Kidnapping Act (18 U.S.C. § 1201), The Stalking and Victim Protection Act of 1999 (18 U.S.C. § 2261), The Trafficking Victim and Prevention Act of 2000 (22 U.S.C. § 7102), The Truth ID Caller Act of 2009 (47 U.S.C. § 227), 10 U.S.C. § 920, 18 U.S.C. § 2241, 18 U.S.C. § 2242, 18 U.S.C. § 2244, 18 U.S.C. § 2247, 18 U.S.C. § 2422, 18 U.S.C. § 873, 18 U.S.C. § 158, 18 U.S.C. § 1590, 21 U.S.C. § 841(b)(7), 18 U.S.C. § 1505, and 18 U.S.C. § 2261(a).  None of the Title 18 claims confers private causes of action because they are criminal statutes and Plaintiff provides no evidence that Congress intended to create a private cause of action with any of those statutes. Plaintiff references 22 U.S.C. § 2261 only for the definition of trafficking; Plaintiff does not assert a claim under this statute.  Plaintiff references a Title 47 statute, which relates to robo-calling, not impersonation as Plaintiff says in the amended complaint.  Title 10 applies to military behavior and Plaintiff does not allege that she or Defendant have any involvement with the military.  21 U.S.C. § 841 is a sentencing guideline related to the use of controlled substances and does not apply here.  There is no evidence of legislative intent to create a private cause of action relating to any of the criminal statutes Plaintiff cites in the amended complaint.  Because Plaintiff does not have a private cause of action, no amendment can cure this defect.  The Court dismisses Plaintiff's claims based on criminal statutes with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

D.      IIED

Plaintiff asserts the IIED claim for the first time in her amended complaint.  IIED is generally defined as: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."  Restatement (Second) of Torts § 46 (1965).  In Washington State, IIED is called "outrage" and is substantially similar to the

Second Restatement.  *See Grimsby v. Samson*, 530 P.2d 291, 296 (Wash. 1975) (adopting the Second Restatement except for non-family-member third-party liability); *see also Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003) (continuing to use the Second Restatement formulation of IIED for the tort of outrage).

Among other things, Plaintiff alleges that Defendant intentionally trafficked intimate photos of her, sexually abused her, and encouraged others to sexually abuse her.  Dkt. # 25 at 6–8.  These allegations, if proven, are plausibly sufficient to satisfy the elements of IIED.  *See Repin v. State*, 392 P.3d 1174, 1185 (Wash. Ct. App. 2017) ("Liability exists only when the conduct has been so outrageous in character and extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.").  If proven, a jury could construe Defendant's alleged behavior as going beyond all bounds of decency and being intolerable in a civilized community.

The facts Plaintiff alleges here are also sufficient to pass the *Bell Atl. Corp.* plausibility test because the statements of fact are not conclusory, and the claim is plausible on its face.  *See* 550 U.S. at 570.  Plaintiff does not merely recite the elements of IIED, but points to specific factual instances of distressing behavior.  Dkt. # 25 at 6–8.  For example, Plaintiff alleges that Defendant put drugs in her food and drink, gang-raped her, and held her hostage.  *Id.* at 6–8.  Plaintiff's claims of sexual abuse are also facially plausible because Plaintiff has a permanent restraining order against Defendant.  Dkt. # 6 at 51–55.

Plaintiff's amended complaint does not specify whether she intends to pursue this tort claim against Defendant in his official capacity as an alleged FBI agent or in his individual capacity.  But Plaintiff's pro se status requires this Court to construe her claims liberally, and so it examines both possibilities independently.  *See Hebbe*, 627 F.3d at 342.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

      1.     Official capacity

     To hold the United States liable for the torts of their employees, Plaintiff should have brought these allegations as claims under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§ 2671–80. To bring a claim under the FTCA, Plaintiff must comply with its requirements, including exhausting administrative remedies prior to commencing a claim and commencing the action within the two-year FTCA statute of limitations. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for . . . [a] wrongful act . . . of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and [their] claim shall have been finally denied by the agency."); 28 U.S.C. § 2401(b) (describing the two-year statute of limitations for FTCA claims). "The FTCA's exhaustion requirement is jurisdictional." *D.L. by & through Junio v. Vassilvev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Construing Plaintiff's tort claim as a claim against Defendant in his official capacity, the Court dismisses her claim under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has not brought an FTCA claim. Because the FTCA exhaustion requirement is jurisdictional, even if Plaintiff had brought an FTCA claim, this Court would dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i) and Rule 12(h)(3) for failure to establish subject matter jurisdiction. *See Am. United Transp. Inc. v. W. Reg'l Union*, 569 F. Supp. 3d 151, 157 (E.D.N.Y. 2021) (dismissing an FTCA claim for lack of subject matter jurisdiction because "Plaintiff has not pled exhaustion of its administrative remedies"). Because Plaintiff is pro se and she could cure her claim with an amendment that shows Plaintiff complied with all FTCA requirements, the Court dismisses this claim under the foregoing statutes without prejudice and with leave to amend.

2.      Individual capacity

To bring a state tort claim against Defendant in his individual capacity in federal court, Plaintiff must show the Court has subject matter jurisdiction to hear her claim.

IIED is generally understood as a state law tort because it does not implicate any federal rights.  *See Grimsby*, 530 P.2d at 296.  Thus, this claim does not qualify for federal question jurisdiction.  *See* 28 U.S.C. § 1331.  Plaintiff asks for $19 million in damages for herself and $16 million in damages for her daughter.  Dkt. # 25 at 19–21.  This far exceeds the $75,000 amount in controversy requirement for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  But Plaintiff fails to plead diversity of citizenship, another requirement of diversity jurisdiction.  *See Campbell v. Stein*, 314 F. App'x 976, 977 (9th Cir. 2009) (dismissing for lack of subject matter jurisdiction because plaintiff did not plead diversity jurisdiction).  Construing Plaintiff's tort claim as a claim against Defendant in his individual capacity, the Court dismisses her claim under 28 U.S.C. § 1915(e)(2)(B)(i) and Rule 12(h)(3) for lack of subject matter jurisdiction.

An amendment that establishes diversity jurisdiction could cure the defect of this claim.  Plaintiff must establish diversity of state citizenship between her and Defendant.  Also, Plaintiff must plead facts that occurred within the three-year Washington State statute of limitations.  Wash. Rev. Code § 4.16.080(2) (2022).  Because Plaintiff is pro se and she could cure her claim by amending her complaint to establish that this Court has subject matter jurisdiction, the Court dismisses this claim without prejudice and with leave to amend.

IV.

CONCLUSION

The Court grants Plaintiff fourteen (14) days from the date of this order to file an amended complaint that corrects the deficiencies identified herein.  Plaintiff may not add new causes of action or new parties without first obtaining leave from the Court under Local Civil

Rule 15 to do so.  If Plaintiff fails to timely comply with this order or fails to file a second amended complaint that remedies the deficiencies identified, the Court will dismiss her amended complaint without leave to amend.

For the foregoing reasons, the Court DISMISSES Plaintiff's amended complaint (Dkt. # 25).  The Court DISMISSES Plaintiff's 42 U.S.C. § 1983 claim and Plaintiff's criminal claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; DISMISSES Plaintiff's 15 U.S.C. § 6851(b) claim without prejudice and without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and DISMISSES Plaintiff's IIED claim without prejudice and with leave to amend within fourteen (14) days of the filing date of this order under 28 U.S.C. § 1915(e)(2)(B)(i) and Rule 12(h)(3) for failure to establish subject matter jurisdiction and under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is DIRECTED to send copy of this order to Plaintiff.

Dated this 12th day of July, 2022.

John H. Chun
United States District Judge