UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VASTI MARIA DA SILVA JACKSON, | CASE NO. 2:22-cv-00053-JHC |
| Plaintiff, | ORDER |
| v. | |
| STEVE KEITH NELSON, | |
| Defendant. | |

I.

INTRODUCTION

This matter comes before the Court sua sponte on Plaintiff Vasti Maria Da Silva Jackson's Second Amended Complaint ("SAC"). Dkt. # 29. The Court has examined the SAC and dismisses it without leave to amend. The Court dismisses Plaintiff's federal claims with prejudice but dismisses her state-law tort claims without prejudice.

II.

BACKGROUND

Magistrate Judge Michelle L. Peterson granted Plaintiff *in forma pauperis* ("IFP") status. *See* Dkt. # 5.

ORDER - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

   In her initial complaint, Plaintiff asserted that, since August 2003, Defendant violated her Fourteenth Amendment rights to life and liberty. Dkt. # 6 at 1–2, 16–17. Plaintiff alleged that Defendant and his associates with the FBI accused, investigated, and interrogated her for various crimes; drugged, raped, and trafficked her for sex; forced her to commit robberies; engaged in a nearly twenty-year-long campaign to harass her; and posed as employers, stalked her at her places of employment, and prevented her from obtaining and maintaining employment. Dkt. # 6 at 2–14. The complaint requested "punitive damages that shall be paid by [Defendant] on the amount of . . . 19 MILLION DOLLARS," and alleged that Plaintiff's daughter incurred $16 million in damages. *Id.* at 17. The Court dismissed Plaintiff's original complaint without prejudice and with leave to amend. Dkt. # 24 at 3.

   Plaintiff then filed a First Amended Complaint ("FAC"), asserting claims under 42 U.S.C. § 1983, 15 U.S.C. § 6851(b), and various federal criminal statutes, as well as a tort-law claim for intentional or reckless infliction of emotional distress ("IIED"). Dkt. # 25. The Court dismissed Plaintiff's 42 U.S.C. § 1983 claim and her federal criminal claims with prejudice. Dkt. # 28 at 11. The Court dismissed Plaintiff's 15 U.S.C. § 6851(b) claim without prejudice and without leave to amend. *Id.* The Court dismissed Plaintiff's IIED claim without prejudice and with leave to amend for lack of subject matter jurisdiction. *Id.* The Court also stated that "Plaintiff may not add new causes of action or new parties without first obtaining leave from the Court under Local Civil Rule 15 to do so." *Id.*

   Plaintiff then filed the SAC. Dkt. # 29. In the SAC, Plaintiff asserts—for the first time—claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *Flast v. Cohen*, 392 U.S. 83 (1968), and 18 U.S.C. § 1503, as well as tort claims for

deceit, false imprisonment, sexual assault, and battery.  Dkt. # 29 at 1–5.  Plaintiff also reasserts her claim for IIED.[1]  *Id.* at 3.

## III.

### ANALYSIS

A.    Standard for Dismissal

8 U.S.C. § 1915 governs dismissal of IFP complaints.  First, Section 1915 requires the Court to dismiss an IFP complaint if it fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  "[S]ection 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (emphasis added).  A court evaluating an IFP complaint applies the same standard as it applies to a Rule 12(b)(6) motion to dismiss.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The facts alleged "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The court need not accept as true a legal conclusion presented as a factual allegation.  *Id.*  Because Plaintiff is pro se, the Court construes the pleadings liberally.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Second, Section 1915 requires the Court to dismiss an IFP complaint if it is frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that the action . . . is frivolous.").  An action is frivolous if "it lacks an arguable basis either in law or in fact," or if the complaint describes "fantastic or delusional scenarios."  *Neitzke*

---

[1] At various points in the SAC, Plaintiff also refers to the tort of outrage.  *See, e.g.*, Dkt. # 29 at 3.  Because IIED and outrage are simply different names for the same tort, *see Kloepfel v. Bokor*, 149 Wash. 2d 192, 193 n.1, 66 P.3d 630 (2003), the Court refers to this claim as an IIED claim.

*v. Williams*, 490 U.S. 319, 325, 328 (1989).  In this respect, Section 1915 provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.

Also, the Court must dismiss a complaint if it presents no basis for subject matter jurisdiction.  The Court has an obligation to determine sua sponte whether it has subject matter jurisdiction over the case.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *Emiabata v. Bank of N.Y. Mellon Tr. Co. NA/JP Morgan Chase (SLS)*, No. 17-cv-01302-JLR, 2017 WL 4838840, at *1 (W.D. Wash. Oct. 3, 2017) (dismissing an IFP claim under Section 1915 when it failed to establish subject matter jurisdiction); *Lacy v. Brinkman*, No. 13CV416-WQH-BGS, 2013 WL 5278930, at *1–2 (S.D. Cal. Sept. 17, 2013) (same).

When a court dismisses a pro se plaintiff's complaint, it must give the plaintiff leave to amend "unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *see also Lopez*, 203 F.3d at 1126–31.

B.    Consideration of New Claims in the SAC

In its previous order, the Court prohibited Plaintiff from "add[ing] new causes of action or new parties without first obtaining leave from the Court under Local Civil Rule 15 to do so." Dkt. # 28 at 11.  In the SAC, Plaintiff asserts, for the first time, claims under *Bivens*, *Flast*, and 18 U.S.C. § 1503, as well as tort claims for deceit, false imprisonment, sexual assault, and battery.  Dkt. # 29 at 3–5.  Plaintiff did not request leave from the Court to assert those claims. Notwithstanding Plaintiff's failure to comply with the Court's order, the Court will excuse this error and consider her new claims because she is proceeding pro se.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

C.      *Bivens* Claim

In the SAC, Plaintiff raises a *Bivens* claim for the first time.  Dkt. # 29 at 5.  In *Bivens*,

the Supreme Court recognized an implied cause of action against federal officers alleged to have

violated certain constitutional rights, including the Fourth Amendment's prohibition against

unreasonable searches and seizures.  *See generally Bivens v. Six Unknown Named Agents of Fed.*

*Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Hernandez v. Mesa*, 137 S. Ct. 2003, 2006

(2017) (per curiam); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017); *Consejo de Desarrollo*

*Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("In a

paradigmatic *Bivens* action, a plaintiff seeks to impose personal liability upon a federal official

based on alleged constitutional infringements he or she committed against the plaintiff.").

As is the case for most other causes of action, a plaintiff asserting a *Bivens* claim must

file suit within the applicable statute of limitations period.  The applicable statute of limitations

for a *Bivens* claim borrows from state law and is governed by the statute of limitations used in

the forum state for personal-injury claims.  *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir.

1991) ("[W]e hold that the personal injury statute of limitations properly applies

to *Bivens* claims."); *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000)

(recognizing that a state's statute of limitations for personal injury actions provides the statute of

limitations for a *Bivens* claim, and that "[a] *Bivens* claim accrues when the plaintiff knows or has

reason to know of the injury"); *Emrit v. Arizona Supreme Ct.*, No. CV-15-01718-PHX-ESW,

2016 WL 910151, at *3 (D. Ariz. Mar. 9, 2016).  Washington law provides a three-year statute

of limitations for personal-injury claims.  *See* Revised Code of Washington (RCW) 4.16.080(2).

Thus, in this case, any *Bivens* claim must be based on conduct that occurred within three years of

the date on which Plaintiff filed this action: January 20, 2022.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

The overwhelming majority of Plaintiff's complaint is dedicated to alleged wrongdoing that occurred more than fifteen years before this lawsuit.  The SAC describes alleged misconduct by Defendant beginning in August 2003, with most of the allegations concerning conduct that occurred from 2003 to 2006.  For example, Plaintiff alleges that in 2003, Defendant and members of the FBI infiltrated her community college in order to discover the identities of foreign students.  Dkt. # 29 at 9.  She asserts that these officials interrogated her and accused her of committing various crimes, including international terrorism.  *Id.* at 10, 13.  Plaintiff alleges that soon after, Defendant—posing as her roommate—began putting drugs in her food and drinks in order to have non-consensual sex with her.  *Id.* at 11–12.  She also alleges that Defendant held her hostage in her home, that Defendant "and his gang of criminals" relied on the Patriot Act to justify their unlawful entrance into her home, and that Defendant sex trafficked her "among [the] undercover government agents."  *Id.* at 13–14.  And Plaintiff alleges that, from 2004 to 2006, Defendant stalked her, harassed her, and threatened her.  *Id.* at 19.  To the extent that Plaintiff's *Bivens* claim concerns conduct that occurred outside the three-year statute of limitations period, the claim is barred.[2]

16
17
18
19
20
21
22
23
24

But the SAC also alleges misconduct that falls within the limitations period.  Plaintiff alleges that from 2019 to 2022, Defendant and other government officials repeatedly infiltrated her place of employment and disguised themselves with masks in order to harass and harm Plaintiff.  *Id.* at 24–25.  For example, Plaintiff alleges that in 2018 and 2019, "[Defendant] and his gang of government criminals masked themselves again and infiltrated inside a [undisclosed] company" for which Plaintiff worked and "forced [her] to perform medical information discrepancies with one of the men who took [her] hostage and gang raped [her]."  *Id.*  Plaintiff

---

[2] And even if the claim were not so barred, the supporting allegations appear so wild and fantastical as to render the claim frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

alleges that, when she switched jobs in 2020, Defendant once again appeared at her place of work—this time "disguised as a different person"—which forced her to resign on the first day. *Id.* at 25.  And in December 2021, Plaintiff alleges that Defendant "disguised himself as a potential employer" and "tried to involve [Plaintiff in] a scenario of criminal deception, designed to clean himself of all the crimes he [had] committed against [Plaintiff]."  *Id.*  Plaintiff also alleges that since 2003, Defendant and "his gang of masked criminals" have infiltrated her workplaces "to conduct SECRET TRIALS against my person." *Id.* at 22.

Although Plaintiff's *Bivens* claim involves some alleged misconduct that occurred within the statute of limitations period, the claim is still frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke*, 490 U.S. at 325–28.  It is implausible that Defendant and a group of FBI agents engaged in a nearly twenty-year-long campaign to harass and harm Plaintiff for no apparent reason.  Nor is it plausible that Defendant successfully disguised himself and infiltrated every employer for which Plaintiff has ever worked, solely to harass Plaintiff.

Because most of the complaint concerns conduct barred by the applicable statute of limitations, and the remaining portion of the complaint describes wildly implausible allegations, the Court dismisses Plaintiff's *Bivens* claim for failure to state a claim and for frivolousness.  28 U.S.C. § 1915(e)(2)(B); *Neitzke*, 490 U.S. at 325–28.

D.     *Flast* Claim

In the SAC, Plaintiff raises a claim based on *Flast v. Cohen*, 392 U.S. 83 (1968).  In *Flast*, the Supreme Court recognized a limited exception to the general principle that taxpayers typically lack standing to sue the federal government simply because they are taxpayers.  The Court held that a taxpayer has standing to seek an injunction against the federal government in order to prevent it from spending federal funds in violation of the Establishment Clause of the

Constitution.  *See id.* at 88, 102–06.  The Establishment Clause states that "Congress shall make no law respecting an establishment of religion."  U.S. Const. amend. I.

Plaintiff alleges that Defendant and "his gang of criminals" wasted taxpayer money "to conduct Secret Trials, to cover up a political conspiracy, to enter the homes of innocent people to violate them, and conduct this useless and wrongful international investigation full of false allegations against [Plaintiff]."  Dkt. # 29 at 3.  This statement suggests that Defendant misused taxpayer funds.  But Plaintiff has not asserted that Defendant used funds to violate the Establishment Clause, as is required to state a cognizable claim based on *Flast*.  The SAC discusses the Third, Fourth, Fifth, and Fourteenth Amendment, but does not mention the First Amendment or religion.  Based on the facts alleged, there is no reason to believe that the harms that Plaintiff alleges are connected to religion, or that Defendant used federal funds in order to violate the Establishment Clause.  Plaintiff's *Flast* claim lacks an arguable basis in law.  The Court therefore dismisses this claim under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke*, 490 U.S. at 325.

E.      18 U.S.C. § 1503 Claim

In the SAC, Plaintiff asserts a claim under 18 U.S.C. § 1503.  Dkt. # 29 at 2.  But Section 1503 does not provide a civil cause of action for private individuals.  Rather, Section 1503 is a *criminal* statute that prohibits a person from influencing or injuring a juror or an officer of the Court.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997) (noting that it would be futile to grant leave to amend in order to add an obstruction-of-justice claim under 18 U.S.C. § 1503 because "18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action"), *aff'd*, 525 U.S. 299 (1999), *and overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (observing that the "criminal provisions" at issue "provide no basis for civil

liability").  The Court therefore dismisses Plaintiff's Section 1503 claim under 28 U.S.C.

§ 1915(e)(2)(B).

F.      State-Law Tort Claims

The SAC raises five tort claims: a claim for IIED (which was also included in the FAC),

as well as new claims for deceit, false imprisonment, sexual assault, and battery.  Dkt. # 29 at 1–

5.  In a previous order, the Court dismissed Plaintiff's IIED claim for lack of subject matter

jurisdiction.  Dkt. # 28 at 10.  The Court explained that it must dismiss an action if, at any time, it

determines that it lacks subject matter jurisdiction, and instructed Plaintiff that she must

adequately demonstrate the basis for the Court's jurisdiction in any subsequent amended

complaint.  *See id.*; Fed. R. Civ. P. 12(h)(3).  In the SAC, Plaintiff asserts that the Court has

subject matter jurisdiction over the IIED claim and the four new tort claims.  Dkt. # 29 at 1–3.

"In civil cases, subject matter jurisdiction is generally conferred upon federal district

courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28

U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).  When a court

has subject matter jurisdiction over one or more claim, it may exercise supplemental jurisdiction

over other, related claims.  *See* 28 U.S.C. § 1367(a).  But a court may decline to exercise

supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."

*Id.* § 1367(c).  For the following reasons, the Court lacks subject matter jurisdiction over

Plaintiff's state-law tort claims and declines to exercise supplemental jurisdiction.

First, there is no jurisdiction based on diversity of citizenship.  In a prior order, the Court

granted leave to amend the complaint because it concluded that it was possible for Plaintiff to

allege additional facts that would establish diversity jurisdiction.  Dkt. # 28 at 10.  But in the

SAC, Plaintiff concedes that she is not asserting jurisdiction based on diversity of citizenship

because, like Plaintiff, Defendant "lives [in] the State of Washington."  Dkt. # 29 at 8.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Second, there is no federal question jurisdiction over Plaintiff's tort claims.  A district court has federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  But all of Plaintiff's tort claims are based in state law, not federal law.  *See, e.g.*, *Kloepfel*, 149 Wash. 2d at 193–97 (state-law tort of IIED); *Kumar v. Gate Gourmet Inc.*, 180 Wash. 2d 481, 504–05, 325 P.3d 193(2014) (state-law tort of battery).  While Plaintiff says, for example, that there are "both Federal and State laws" for IIED (Dkt. # 29 at 4), she identifies no federal statute for IIED, or for any of the other tort claims in the SAC.  *See also* Dkt. # 28 at 10 (observing that "IIED is generally understood as a state law tort because it does not implicate any federal rights").  Plaintiff also clarifies in the SAC that she is not bringing a claim under the Federal Tort Claims Act.  Dkt. # 29 at 8.  Therefore, Plaintiff has identified no federal cause of action for any of the tort claims in the SAC.

Plaintiff asserts that there is federal question jurisdiction because she "was the subject of a federal investigation, conducted by the federal government."  Dkt. # 29 at 2.  But fundamentally state-law claims like Plaintiff's tort claims are not covered by federal question jurisdiction simply because the federal government is somehow involved (and again, Plaintiff is not bringing a claim under the Federal Tort Claims Act).  Rather, federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)).  State law—not federal law—creates the causes of action invoked by Plaintiff, and her claims do not depend on resolution of a substantive question of federal law.  Plaintiff has identified no means by which this Court may invoke federal question jurisdiction over her state-law tort claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Plaintiff asserts that the Court has supplemental jurisdiction over her tort claims.  Dkt. # 29 at 3.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  But a district court has discretion to decline the exercise of supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  Where, as here, "all federal-law claims are eliminated before trial, the balance of factors . . . will [usually] point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (observing that in several prior cases, the court had "held that it was appropriate for the district court to decline jurisdiction over the supplemental state claims because the federal claim had proven to be unfounded").   Because the Court has dismissed all federal-law claims in this order and in previous orders—depriving the Court of original jurisdiction based on any of those claims—the Court declines to exercise supplemental jurisdiction over the remaining state-law tort claims.  *See* 28 U.S.C. § 1367(c)(3) (allowing a district court to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Gibbs*, 383 U.S. at 726.

The Court therefore dismisses Plaintiff's tort claims without prejudice under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).  *See Emiabata v. Bank of N.Y. Mellon Tr. Co. NA/JP Morgan Chase (SLS)*, No. C17-1302, 2017 WL 4838840, at *3 n.2 (W.D. Wash. Oct. 3, 2017) (dismissing a state-law claim without prejudice because the basis for dismissal was a lack of subject matter jurisdiction).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

G.      Leave to Amend

        The Court concludes that granting further leave to amend would be futile.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The Court has already provided Plaintiff two opportunities to amend her complaint.  Dkt. ## 24 at 3; 28 at 10–11.  Plaintiff's *Bivens* claim is based mainly on conduct that falls outside the three-year statute of limitations period, and the rest of the claim is wildly implausible.  While Plaintiff raises a *Bivens* claim for the first time in the SAC, the claim is based on the same fact pattern found in previous versions of the complaint; so there is no reason to believe that amendment could cure the defects in Plaintiff's claim.  This is particularly true considering the Court's previous instruction that Plaintiff must plead facts within the three-year statute of limitations.  *See* Dkt. # 28 at 10. Therefore, further amendment would be futile.

        Granting leave to amend would not remedy Plaintiff's *Flast* claim: Plaintiff has not mentioned religion or facts suggestive of an Establishment Clause violation in any of the three iterations of her complaint.  Similarly, amendment would not cure Plaintiff's claim based on 18 U.S.C. § 1503, because that criminal statute does not provide a private cause of action.

        Finally, in its previous order, the Court instructed Plaintiff to demonstrate subject matter jurisdiction for her IIED claim and explained that failure to do so would result in dismissal without leave to amend.  Dkt. # 28 at 10–11.  In the SAC, Plaintiff failed to cure this jurisdictional defect.  She expressly disclaimed any reliance on diversity jurisdiction and could not demonstrate federal question jurisdiction because the claim is based in state, not federal, law. This jurisdictional defect applies equally to her other, newly alleged tort claims, which are similarly based in state law.  Thus, granting further leave to amend would be futile.

IV.

CONCLUSION

The Court DISMISSES the complaint without leave to amend.  The Court (1) dismisses Plaintiff's *Bivens* claim, *Flast* claim, and 18 U.S.C. § 1503 claim *with* prejudice, and (2) dismisses plaintiff's state-law tort claims *without* prejudice.  The Clerk is DIRECTED to send a copy of this order to Plaintiff.

Dated this 7th day of September, 2022.

John H. Chun
United States District Judge